# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**AMERICAN GENERAL LIFE**  **PLAINTIFF**
**INSURANCE COMPANY**

**V.** **NO. 4:17-CV-68-DMB-RP**

**KVONYA MOORE; MARY A. MOORE;**
**and REGINA THOMPSON**  **DEFENDANTS**

## ORDER GRANTING MOTION FOR ENTRY OF CONSENT JUDGMENT

This interpleader action is before the Court on the motions to dismiss of American General Life Insurance Company. Doc. #20; Doc. #23; Doc. #26.

## I
## Procedural History

On May 23, 2017, American General Life Insurance Company ("AGLIC") filed an "Interpleader Complaint and Request for Declaratory Judgment" seeking to adjudicate the rights to a $250,000 life insurance policy among Kvonya Moore, Mary Moore, and Regina Thompson. Doc. #1. On September 8, 2017, AGLIC filed a motion seeking its dismissal with prejudice and attorney's fees and expenses. Doc. #20. Four days later, AGLIC filed an amended motion seeking the same relief. Doc. #23.

On December 21, 2017, AGLIC filed a "Consent Motion for Judgment of Dismissal with Prejudice and for Recovery of Attorneys' Fees and Expenses."[1] Doc. #26. The consent motion seeks, among other things, AGLIC's dismissal and the entry of a proposed consent judgment signed by all parties which was submitted separately to the Court. The proposed consent judgment,

---

[1] Though titled a "consent motion," the filing is signed only by AGLIC and does not mention the position of the other parties on the relief sought. None of the other parties, however, filed a response to the motion.

which includes an array of extraneous language: (1) dismisses AGLIC from this action with prejudice; (2) dismisses Regina Thompson from the action without prejudice; (3) enjoins the claimants from asserting any claims against AGLIC relating to the subject of the interpleader action; (4) grants AGLIC $10,000 in attorney's fees; and (5) enters a final judgment in AGLIC's favor.

## II
## Analysis

"Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it 'represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation.'" *Jones v. Gusman*, 296 F.R.D. 416, 428 (E.D. La. 2013) (quoting *Williams v. City of New Orleans*, 729 F.2d 1554, 1559 (5th Cir. 1984)). In addition, "[c]ourts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence." *Id.* (citing *United States v. City of Miami, Fla.*, 664 F.2d 435, 441 (5th Cir. 1981) (Rubin, J., concurring)). "In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree." *Id.*

The Court has reviewed the proposed consent judgment and believes that the decree represents a fair and reasonable factual and legal determination based on the facts of record. The Court also finds that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation.

Accordingly, as there is no just reason to delay the entry of a consent judgment as requested by AGLIC, the consent motion [26] is **GRANTED** and AGLIC is **DISMISSED** from this action.

A judgment consistent with the parties' proposed consent decree will be entered.[2]  In light of this dismissal, AGLIC's previous motions to dismiss [20][23] are **DENIED as moot**.

**SO ORDERED**, this 23rd day of March, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Such judgment will omit the extraneous language included in the proposed consent judgment submitted to the Court. The judgment will also grant AGLIC $10,000 in attorney's fees and expenses though the consent motion requests that $12,650.50 be paid to AGLIC.  Because only the proposed consent judgment is signed by all parties, the Court will include in the judgment the amount to which all parties clearly agreed.